Filed 7/21/26  Yang v. Wu CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| HE YANG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>YUNZHOU WU et al.,<br><br>    Defendants and Respondents. | G065565<br><br>(Super. Ct. No. 30-2019-01116609)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre De La Cruz, Judge. Reversed and remanded with instructions.

He Yang, in pro. per, for Plaintiff and Appellant.

Law Offices of Mokri & Associates and Brad A. Mokri for Defendants and Respondents.

Code of Civil Procedure[1] section 583.310 provides that actions "shall be brought to trial within five years after the action is commenced against the defendant." If the action is not brought to trial within that timeframe, the court must dismiss it on its own motion or that of the defendant, "after notice to the parties." (§ 583.360, subd. (a).)

In this case, plaintiffs' lawsuit was dismissed upon an oral motion by defendants on the date set for trial without advance notice to plaintiffs. Under these circumstances, we find the dismissal was improper, and we reverse the judgment and remand for further proceedings.

STATEMENT OF FACTS

Yang and his fellow plaintiff Wenhua Yu (who is not a party to this appeal) (plaintiffs) worked for Yunzhou Wu's company, Swapsy, Inc., formerly known as USYNO, Inc.[2] Yang alleged he was originally hired as an independent contractor in March 2018 to redevelop the company's website and online currency exchange platform. However, within one month, Yang alleged he was made a full-time employee of Swapsy. He claims he later became chief technology officer of Swapsy, but with no ownership interest in the company.

Swapsy was founded by Wu and a partner in 2017, and Wu later became the company's sole officer. Plaintiffs alleged in their complaint that Wu suddenly informed Swapsy employees in October 2019 that he was

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] According to the operative pleading in this case, Swapsy is a financial technology startup which provides an online platform for users around the world to easily exchange currency.

2

resigning as chief executive officer. Plaintiffs feared Wu would siphon company funds after hearing he was considering moving back to China.

Plaintiffs alleged they confronted Wu about what they viewed as his embezzlement of funds. Wu agreed to provide his bank statements to provide an accounting for any improperly diverted company monies, however, he later reneged on that agreement. Plaintiffs also alleged Wu was manipulating revenue data to entice investors.

Yang alleged that he was targeted for retaliation based on his inquiries into the diversion of company funds and was threatened with termination and/or a lawsuit if he did not hand over access to the company's data. He claims he was removed from the company's payroll prematurely and that he worked for at least two weeks without compensation before he was finally terminated.

PROCEDURAL BACKGROUND

Plaintiffs filed their complaint against Wu and Swapsy on December 6, 2019 for various violations of the Labor Code and wrongful termination.[3] Plaintiffs filed an amended complaint in February 2020. Wu and Swapsy answered that complaint in December 2020 and filed a cross-complaint against plaintiffs for slander.

Trial on the complaint was originally scheduled for August 23, 2021. In October 2021, plaintiffs amended their first amended complaint to add Tao Yu and Tianyu "Mark" Ma as fictitious defendants (together with

---

[3] The complaint also alleged causes of action for breach of fiduciary duty, accounting, and a demand for inspection of Swapsy's books and records, but these claims were alleged by Yu only, not Yang.

Wu and Swapsy, collectively defendants). The trial was continued to November 1, 2021, and then March 28, 2022.

In January 2022, as the pleadings were being tested through demurrer, and Wu was the subject of a motion to compel deposition, the parties stipulated to further continue the trial date. Plaintiffs filed their second amended complaint in September 2022 (the operative complaint). The court continued the trial to October 3, 2022.

The parties sought a further continuance to February 27, 2023, which the court granted. The trial thereafter was continued to October 16, 2023.

On April 19, 2023, defendants filed a notice of automatic stay because Swapsy had filed for chapter 11 bankruptcy. The court issued a minute order on May 15, 2023, taking pending discovery motions off calendar due to Swapsy's bankruptcy; it set an order to show cause (OSC) hearing regarding the bankruptcy for October 16, 2023.

The case was reassigned to Judge De La Cruz as of August 2023. The trial date of October 16 was taken off calendar, and the OSC was continued to October 30, 2023. In ruling on demurrers filed by Yu and Ma (the Doe defendants), Judge De La Cruz found the automatic stay did not extend to the individual defendants.

On January 17, 2024, the trial court issued a minute order stating it had reviewed the file and set an OSC hearing regarding sanctions for noncompliance with California Rules of Court, rules 3.724 and 3.725 for February 26, 2024. The court also ordered the parties to submit declarations of compliance before the OSC hearing.

Both counsel filed their declarations. Defendants' counsel's declaration noted outstanding discovery issues and asked the trial court to

4

set trial for November or December 2024, or January 2025. By the end of 2024, Yang's counsel had filed a motion to be relieved as Yang's counsel, which was granted by the court on February 24, 2025.

At the February 26, 2024 OSC hearing regarding sanctions, the court continued the trial date to March 24, 2025. In its minute order, the court stated, "[t]rial dates are firm and continuances will not be granted absent good cause." Nonetheless, the court later sua sponte continued the trial date to April 7, 2025, and then to April 21, 2025, after defendants' counsel raised a scheduling conflict.

On April 21, 2025, the date set for trial, Yang appeared on his own behalf, along with defendants' counsel. There was discussion with the court regarding trial logistics and the status of defendants. Defendants' counsel indicated Swapsy was still in bankruptcy and would not proceed with its cross-complaint. Without being prompted, the court spontaneously pointed out that the case had been pending for over five years.

Defendants' counsel immediately made an oral motion to dismiss the case under section 583.310. Defendants' counsel indicated no formal tolling had occurred, and Yang concurred "inadvertently."[4] The trial court granted the oral motion and dismissed the entire case without prejudice pursuant to section 583.360, subdivision (b). The court entered the dismissal on July 8, 2025.[5]

---

[4] The court's minute order states, "Both parties indicate time has not been tolled." Yang claims he misunderstood what the court meant.

[5] Yang filed a motion to augment the record with several more documents, most of which postdate the appeal. We deny the motion as to any documents filed or entered after July 18, 2025, the date the dismissal judgment was filed in our court—that is, exhibits 1, 2, 4, and 5. "'Augmentation does not function to supplement the record with materials

DISCUSSION

Yang argues the dismissal was improper for two reasons.[6] First, Yang contends that section 583.360, subdivision (b), requires notice to the parties before the court can dismiss the lawsuit. Second, Yang asserts that the five-year period had not expired due to a bankruptcy, and/or it was tolled due to emergency orders during the COVID-19 pandemic, and/or it was impossible, impracticable, or futile to bring the case to trial within five years. (§§ 583.340 and 583.350.). Since we agree with Yang's first contention, we do not reach his second contention.

---

not before the trial court. [Citations.] . . . Rather, normally "when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered." [Citation.]' [Citation.] The augmentation procedure cannot be used to bring up matters occurring during the pendency of the appeal because those matters are outside the superior court record. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2015) ¶ 5:134, p. 5–45.)" (*In re K.M.* (2015) 242 Cal.App.4th 450, 455–456.) The motion is granted as to exhibits 3, 6, 7, and 8. Exhibit 3 is itself a compendium of exhibits filed in September 2025, and it contains documents predating the appeal.

[6] Yang also argues the trial court erred by taking his motion to set aside the dismissal off calendar, because the court said it lacked jurisdiction to rule on it due to the present appeal. The motion to vacate the dismissal postdates the dismissal being appealed, and Yang has not filed a separate notice of appeal as to the trial court's ruling on that motion. Therefore, we do not address this issue. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration'"].)

# I.

## STANDARD OF REVIEW

"We independently review a ruling on a motion to dismiss for failure to bring an action to trial within the five-year period provided by section 583.310 to the extent the ruling is based on an interpretation of the statute." (*Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 358.)

# II.

## THE COURT ERRED BECAUSE A LAWSUIT MAY NOT BE DISMISSED UNDER SECTION 583.360 WITHOUT PROPER NOTICE

The five-year "dismissal requirement is mandatory and 'not subject to extension, excuse, or exception except as expressly provided by statute.' [Citation.] 'Under the press of this statutory requirement, anyone pursuing an "action" in the California courts has an affirmative obligation to do what is necessary to move the action forward to trial in timely fashion.'" (*Seto v. Szeto* (2022) 86 Cal.App.5th 78, 85.)

Notice of a motion to dismiss under section 583.360, subdivision (a), is, as the statutory language clearly states, a prerequisite to the validity of a dismissal entered under it. If the defendant moves for dismissal, a noticed motion is generally required. (See *Harris v. Board of Education* (1957) 152 Cal.App.2d 677, 681–682.) *St. Paul Fire & Marine Ins. Co. v. Superior Court* (1984) 156 Cal.App.3d 82 states, "The California Supreme Court has announced the 'general rule' that ' . . . notice of motion must be given whenever the order sought may affect the rights of an adverse party. [Citations.]' [Citation.] Restated, '. . . in an adversary proceeding where an order may affect the rights of an adverse party, notice must be given to protect the adverse party's right to be heard on the issue as a matter of due process of law. [Citations.]'" (*Id.* at p. 85.) *In re Marriage of Straczynski*

(2010) 189 Cal.App.4th 531 provides, "The constitutional guarantee of due process requires that a court give notice to a party and an opportunity to respond before sua sponte dismissing an action." (*Id*. at p. 538.)

Section 1005, subdivision (a), states, "Written notice shall be given, as prescribed in subdivisions (b) and (c), for the following motions: [¶] . . . [¶] (13) Any other proceeding under this code in which notice is required, and no other time or method is prescribed by law or by court or judge."

Based on the settled statement, on April 21, 2025, the date set for trial, the trial court ". . . spontaneously raised the issue that the case had been pending for over five years . . . ." Prompted by this comment, defendants' counsel immediately made an oral motion to dismiss the case under section 583.310.

Here, defendants did not file a written, noticed motion as expressly required by sections 583.360, subdivision (a), and 1005, subdivision (a)(13). Rather, the motion was made orally and granted when the case was called for trial. From a due process perspective, there was no opportunity for Yang to prepare an opposition to explain the reasons why the trial court should deny defendants' motion to dismiss pursuant to section 583.310. Yang could not fairly be expected to do so spontaneously on the record—hence we cannot construe his claimed confusion in court as a waiver of the notice requirement.

We note the result would be the same even if the trial court had been the one to move for dismissal here, as is permitted under section 583.360, subdivision (a). Regardless of who makes the motion, proper notice

8

is required.[7] Because it was not given, and Yang did not waive it, the court lacked authority to dismiss the action under section 583.360.

## III.

### COMPUTATION OF THE FIVE-YEAR PERIOD/TOLLING

As to Yang's contention regarding tolling and the computation of the five-year period, we express no opinion whether dismissal may be appropriate pursuant to sections 583.310 and 583.360 after defendants or the trial court provides the required notice.

### DISPOSITION

The judgment of dismissal is reversed, and the matter is remanded to the trial court with directions to vacate the dismissal and for

---

[7] Defendants argue the court's order setting trial for March 24, 2025, was entered at an OSC regarding dismissal. Their brief, however, contains no record citations to support this assertion, and our review of the record does not bear it out. The February 26, 2024 OSC hearing was regarding the failure by both sides to file case management statements, and was originally noticed as an OSC hearing regarding sanctions. Although the minute order for the February 2024 OSC hearing states that it was an OSC regarding sanctions/dismissal, the court's January 17, 2024 minute order setting the OSC did not explicitly mention dismissal, only the more general term "sanctions."

9

further proceedings consistent with this opinion. Appellant to recover his costs on appeal.


SCHWARM, J.*

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.